IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LESLIE MCDANIEL,<br><br>  **Plaintiff,**<br><br> v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>  **Defendant.** | Case No. 17-2427-JAR-GEB |

## MEMORANDUM AND ORDER

This matter is presently before the Court on Defendant's Motion for Review of Magistrate Judge Birzer's Order regarding a discovery dispute (Doc. 34), in which Judge Birzer denied Defendant's request for production seeking tax returns (Doc. 28). Having carefully reviewed the arguments of the parties, the Court is now prepared to rule. For the reasons explained in detail below, the objection is overruled and denied.

**I.  Background**

Plaintiff Leslie McDaniel brings this action against her former employer, Allstate Insurance Company ("Allstate"), alleging claims for age discrimination, disability discrimination, FMLA retaliation, and retaliation. Plaintiff seeks approximately $600,000 in back pay and benefits, in addition to relief for emotional distress and other damages. In her initial disclosures made pursuant to Fed. R. Civ. P. 26, Plaintiff indicated that she intended to work until she turned 66 years old, or until June 2018. Plaintiff included calculations on lost wages/back pay through her intended retirement date.

Allstate contends that Plaintiff was terminated on August 4, 2015, for legitimate, nondiscriminatory reasons. Allstate also contends that Plaintiff intended to retire in 2016, not 2018, and that she failed to mitigate her damages by choosing to retire after her termination

rather than seeking employment. Allstate's position is evidence exists that will show it is not liable for three years of back pay and benefits and that Plaintiff failed to mitigate her damages.

Allstate served a document request seeking evidence of Plaintiff's income, including her tax returns from 2012 through 2017. Plaintiff objected on the grounds that the request was overly broad and invasive of her privacy, citing *Hilt v. SFC, Inc.*[1] Plaintiff further disclosed that her only employment income from 2012 until her termination was from Allstate and that she was unable to replace her income.[2] Plaintiff did not produce any tax returns in response to the request, but provided a letter from the Social Security Administration and documents Plaintiff kept from her unemployment claim with the Kansas Department of Labor.

Allstate responded with a "golden rule" letter, arguing that it was entitled to see evidence of Plaintiff's pre and post-termination income from 2015 through 2017.[3] In subsequent emails, counsel for Allstate expanded that request to include evidence of Plaintiff's spouse's income because it believed that evidence would show Plaintiff planned to retire in 2016, because "she had a financially comfortable lifestyle that lent itself to her retirement in 2016 regardless of her income."[4] Allstate claimed it had the right to see all of Plaintiff's tax returns to "test the veracity of Plaintiff's claim that she has not mitigated her damages through any subsequent employment," and that Plaintiff had put her post-termination income at issue by seeking compensatory damages for lost wages.

After the parties reached an impasse on the issue of production of tax returns, they sought informal judicial intervention. On February 16, 2018, Magistrate Judge Birzer heard argument

---

[1] 170 F.R.D. 182 (D. Kan. 1997).

[2] Plaintiff's Response to Defendant's Document Request No. 15, Doc. 34, Ex. A.

[3] Doc. 36, Ex. A.

[4] *Id.*, Ex. B.

2

on the issue. At that time, Allstate's position was that it was entitled to tax returns from 2012-2017. Judge Birzer issued the following order:

> Information regarding the Plaintiff's spouse's income and the Plaintiff's income prior to her termination is irrelevant to this litigation and shall not be produced. The Court, however, finds that information regarding Plaintiff's employment-related income post termination is relevant to the litigation. Plaintiff shall produce to Defendant no later than March 16, 2018: (1) all information within her possession or her immediate control regarding her social security income; and (2) a notarized statement from her tax accountant regarding her post-termination income.[5]

Plaintiff fully complied with the court's order on February 27, 2018. Allstate's motion for review followed.

## II. Discussion

Fed. R. Civ. P. 72(a) allows a party to provide specific, written objections to a magistrate judge's non-dispositive order. The court does not conduct a de novo review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law."[6] The court must affirm the magistrate judge's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed."[7] A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."[8]

Allstate argues that Judge Birzer misapplied the law in refusing to compel the production of Plaintiff's income tax returns. Allstate contends that this information is relevant to mitigation

---

[5] Doc. 28.

[6] Fed. R. Civ. P. 72(a); *see Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan. 1997).

[7] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only for clear abuse of discretion).

[8] *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 13, 2011) (quotation omitted).

of damages and Plaintiff's credibility. As a general rule, courts do not favor compelling production of tax returns.[9] No absolute privilege exists preventing their discovery, however, and this district applies a two-pronged test "to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns.[10] "First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable."[11] "The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable."[12]

In *Johnson v. Kraft Foods, N. America, Inc.*,[13] the court applied the two-prong test and held that "[t]o the extent the tax return in this case reveals Plaintiff's income, Defendants have satisfied the first part of the test by showing Plaintiff's return is relevant to the issue of damages. Plaintiff claims economic losses. He seeks back and front pay. He has put his income at issue."[14]

Here, Judge Birzer determined that Plaintiff's spouse's income and Plaintiff's pre-termination income are not relevant to this litigation and that Plaintiff had provided another source from which information on her post-termination income, which is relevant, may be obtained. After reviewing Judge Birzer's Order as well as Allstate's objections, the Court cannot

---

[9]*Johnson v. Kraft Foods, N. Amer., Inc.*, 236 F.R.D. 535, 539 (D. Kan. 2006) (citing *Hilt*, 170 F.R.D. at 188–89).

[10]*Stead v. Unified Sch. Dist. No. 259*, No. 13-1378-DDC-JPO, 2014 WL 2815526, at *1 (D. Kan. June 23, 2014) (citing *Hilt*, 170 F.R.D. at 188–89).

[11]*Id.*

[12]*Id.*

[13]236 F.R.D. 535 (D. Kan. 2006).

[14]*Id.* at 539.

conclude that Judge Birzer's decision was clearly erroneous or contrary to law. First, contrary to Allstate's assertion, Plaintiff did not fail to raise the relevance issue with Judge Birzer. By relying on the *Hilt* decision, Plaintiff necessarily invoked the relevancy of the tax returns.

Second, Judge Birzer properly concluded that Plaintiff's pre-termination income was not relevant, as Plaintiff has only put her lost wages from Allstate at issue. Allstates's argument that Plaintiff's pre-termination tax returns could show changes in her asset portfolio that would suggest she intended to retire sooner than 2018 is pure speculation. Likewise, Judge Birzer properly concluded that Plaintiff's spouse's income and tax returns are not relevant to Plaintiff's claim.[15] Allstate's argument that Plaintiff's spouse's income will likely support its claim that Plaintiff intended to retire in 2016 similarly fails the relevance test, as it is also speculation whether Plaintiff had "enough" money to retire.

As to the post-termination tax returns, Plaintiff met her burden of showing the information sought is readily available from other sources. Because Plaintiff did not have any post-termination employment income, she did not have any W-2s or 1099s to produce. Instead, she retired and sought Social Security benefits, and has produced documents related to her Social Security income and from her accountant confirming that she did not have any employment income other than income from Allstate from 2015-2017. Allstate does not explain why this information fails to satisfy its need to test the veracity of Plaintiff's claim that she has not mitigated her damages through any subsequent employment. Accordingly, Judge Birzer did not err in ruling the Plaintiff should not have to produce her tax returns in their entirety.

---

[15]*See Johnson*, 236 F.R.D. at 539–40 (permitting redaction of information in tax returns pertaining to non-litigants); *Stead*, 2014 WL 2815526, at *3 (same).

Finally, Allstate argues that any privacy concerns Plaintiff has about her and her spouse's financial information should be assuaged by the protective order entered in this case. As Judge Birzer concluded, however, the only information relevant to this dispute is Plaintiff's post-termination employment wages, and protective orders should not be used to expand the scope of discovery to permit Allstate to obtain documents that have been deemed irrelevant.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Review of Magistrate's Order and Objections (Doc. 34) is **overruled and denied.**

**IT IS SO ORDERED.**

Dated: June 11, 2018

 S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE